UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23904-CIV-CANNON/OTAZO-REYES

UNITED STATES OF AMERICA *ex rel.:*
NALISA SIMONA SAATI,

    Plaintiffs,

v.

CREDICO (USA), LLC,

    Defendant.
_____/

## ORDER AND REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following submissions:

➢ Defendant Credico (USA) LLC's ("Credico" or "Defendant") Motion to Dismiss First Amended Complaint, with prejudice (hereafter, "Motion to Dismiss") [D.E. 47]; and

➢ Defendant's Request for Judicial Notice in Support of Motion to Dismiss (hereafter, "Request for Judicial Notice") [D.E. 48].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 66]. The undersigned held a hearing on these matters on August 25, 2021 (hereafter, "Hearing") [D.E. 69]. For the reasons stated below, the undersigned GRANTS Defendant's Request for Judicial Notice and respectfully recommends that Defendant's Motion to Dismiss be GRANTED IN PART.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Nalisa Simona Saati ("Relator") brings this action against Credico on behalf of the United States of America pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*.

See First Am. Compl. [D.E. 23].  The FCA permits relators to file suit on behalf of the United States and receive a share of any recovery.  See 31 U.S.C. § 3730(b)-(d).  The government has declined to intervene in the action but has asked that it continue to be served with all pleadings.  See Government's Notice of Election to Decline Intervention [D.E. 13].  The government also filed a Statement of Interest of the United States of America as to Defendant's Motion to Dismiss and Relator's Opposition (hereafter, "Statement of Interest") [D.E. 54] and participated in the Hearing [D.E. 69].

Relator's claims are based on the Lifeline federal program, which subsidizes "discounted landline and mobile phone services to eligible low-income consumers."  See First Am. Compl. [D.E. 23 at 2].  Relator alleges that "Credico, through its various affiliated consumer marketing companies, and on behalf [of] several national Eligible Telecommunications Carriers ('ETCs'), enrolled tens of thousands of ineligible consumers in the Lifeline program in numerous states."  Id.  Relator further alleges that Credico and its partners submitted inflated and/or non-compliant claims for reimbursement and improperly received federal payments totaling millions of dollars.  Id. at 2-3.  Relator asserts three claims for violations of the FCA:[1]

First Claim:   Presenting False Claims for Payment (31 U.S.C. § 3729(a)(1)(A))

Second Claim: Use of False Statements (31 U.S.C. § 3729(a)(1)(B))

Third Claim:   Failure to Repay Government Funds (31 U.S.C. § 3729(a)(1)(G)).

The FCA makes a person, who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" see 31 U.S.C. § 3729(a)(1)(A)), who "knowingly makes, uses, or

---

[1] Relator also asserted common law claims for Payment by Mistake of Fact and Unjust Enrichment but conceded at the Hearing that those claims are subject to dismissal.  See Jacobs v. Bank of Am. Corp., No. 15-cv-24585-UU, 2016 WL 11653744, at *8 (S.D. Fla. Dec. 20, 2016) ("It is well-settled that a relator does not have standing under the False Claims Act to assert common law claims on behalf of the United States.") (citations omitted).

causes to be made or used, a false record or statement material to a false or fraudulent claim" see 31 U.S.C. § 3729(a)(1)(B), or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government" see 31 U.S.C. § 3729(a)(1)(G), "liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000 . . . plus 3 times the amount of damages which the Government sustains because of the act of that person."   31 U.S.C. § 3729(a)(1)(A), (B) & (G).

Credico seeks dismissal of all three FCA claims in the First Amended Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), arguing that Relator has failed to plead plausible FCA claims under Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)") and has failed to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)").  Credico further argues that the claims are barred by the FCA's public disclosure bar, which requires dismissal of an FCA action "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed" unless "the person bringing the action is an original source of the information."  See 31 U.S.C. § 3730(e)(4)(A).

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "In ruling on a [Rule] 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff."  Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010)

(citing Hill v. White, 321 F.3d 1334, 1335 (11th Cir.2003)).  "The Court does not view each fact in isolation . . . but considers the complaint in its entirety."  Leader Glob. Sols., LLC v. Tradeco Infraestructura, S.A. DE C.V., 155 F. Supp. 3d 1310, 1315 (S.D. Fla. 2016) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  Michel v. NYP Holdings, Inc., 816 F.3d 686, 694 (11th Cir. 2016) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  While detailed factual allegations are not necessary, "[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Twombly, 550 U.S. at 545 (citations and internal quotation marks omitted).  "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim for relief.  Iqbal, 556 U.S. at 678.

It is well established in the Eleventh Circuit that the requirements of Rule 9(b) apply to FCA claims because the FCA is a fraud statute.  United States ex rel. Clausen v. Lab Corp. of Am., 290 F.3d 1301, 1309-10 (11th Cir. 2002).  Further, in FCA actions, the pleading standards of Rule 8(a) are "supplemented but not supplanted by" Rule 9(b).  Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1051 (11th Cir. 2015) (citing Clausen, 290 F.3d at 1309).

Under Rule 8(a), a "pleading that states a claim for relief must contain", in pertinent part:

"a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a). In turn, Rule 9(b) provides, in pertinent part that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (internal quotation marks omitted) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)).

>A complaint satisfies Rule 9(b) when it sets forth:
>
>(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Kammona v. Onteco Corp., 587 F. App'x 575, 581 (11th Cir. 2014) (quoting Ziemba, 256 F.3d at 1202). "The complaint must sufficiently recite 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" Etkin & Co. v. SBD, LLC, No. 11-CV-21321, 2013 WL 12092536, at *4 (S.D. Fla. 2013) (quoting U.S. ex rel. Matheny v. Medco Health Sols., Inc., 671 F.3d 1217, 1222 (11th Cir. 2012)). Failure to comply with Rule 9(b)'s heightened pleading standard is grounds for dismissal. Thoroughbred Yacht, Inc. v. McConaghy Boats Ltd., No. 18-CV-60355, 2018 WL 5098964, at *7 (S.D. Fla. 2018) (citing In re Galectin Therapeutics, Inc. Sec. Litig., 843 F.3d 1257, 1269 (11th Cir. 2016)).

## REQUEST FOR JUDICIAL NOTICE

Credico supports its Request for Judicial Notice with the Declaration of Tonya M. Esposito (hereafter, "Esposito Declaration") [D.E. 49]. Attached to the Esposito Declaration are the following documents:

**Exhibit 1**: FCC Form 497

**Exhibit 2**: FCC Form 555

**Exhibit 3**: FCC OIG, *Advisory Regarding Fraud in the Lifeline Program* (April 26, 2019) available at https://www.fcc.gov/document/inspector-general-issues-advisory-regarding-fraud-lifeline-program

**Exhibit 4**: FCC Press Release, "FCC Learns That Sprint Received Tens of Millions In Lifeline Subsidies – But Provided No Service" (September 24, 2019) available at https://www.fcc.gov/document/sprint-received-lifeline-subsidies-885000-inactive-subscribers

**Exhibit 5**: FCC Consent Decree, *In the Matter of Assurance Wireless USA, LP (f/k/a Virgin Mobile USA, L.P.), Sprint Corporation, and T-Mobile US, Inc.* (November 4, 2020) available at https://www.fcc.gov/document/fcc-reaches-200-million-settlement-sprint-lifeline-investigation-0

**Exhibit 6**: *FCC says Sprint claimed millions of dollars in federal subsidies it wasn't eligible for*, CNN, (September 24, 2019) available at https://www.cnn.com/2019/09/24/tech/sprint-lifeline-fcc

**Exhibit 7**: *Sprint under FCC investigation for 'outrageous' misuse of millions of dollars*, The Verge (September 24, 2019) available at https://www.theverge.com/2019/9/24/20881792/sprint-fcc-millions-dollars-misused-lifeline-subsidies-investigation

**Exhibit 8**: *FCC slams Sprint for falsely collecting millions in Lifeline funds*, Fierce Wireless (September 24, 2019) available at https://www.fiercewireless.com/regulatory/sprint-falsely-collected-tens-millions-funds-for-nearly-1m-inactive-lifeline-subscribers

**Exhibit 9**: *Sprint Swings to Loss, Reports Drop in Phone Subscribers*, The Wall Street Journal (November 4, 2019) available at https://www.wsj.com/articles/sprint-loses-ground-on-rivals-11572874921?mod=article_inline

**Exhibit 10:** *Sprint Overcounted Subsidized Customers for Years*, The Wall Street Journal (December 3, 2019) available at https://www.wsj.com/articles/sprint-overcounted-low-income-customers-for-years-11575374400

Exhibits 1 and 2, to which Relator did not object, are the FCC's instructions and ETC Certification Form, respectively, for the federal Lifeline program. Exhibits 3-10 relate to Defendant's argument that Relator's claims are barred by the FCA's public disclosure bar. Because the FCA provides for dismissal of a pleading based on the public disclosure bar, 31 U.S.C. § 3730(e)(4)(A), Exhibits 3-10 are properly considered in the context of Defendant's Motion to Dismiss. Therefore, at the Hearing, the undersigned granted Defendant's Request for Judicial Notice over Relator's objections to Exhibits 3-10.

## MOTION TO DISMISS

In the First Amended Complaint, Relator alleges that she "worked for Credico and various of its affiliates in late 2017 into early 2018[.]" See First Am. Compl. [D.E. 23 at 2]. Relator describes at length the federal Lifeline program and generally alleges that "Credico, with the knowledge and involvement of ETC's such as Assurance Wireless, Xfinity, and AT&T, engaged in a widespread practice of seeking federal reimbursement for consumers who did not meet Lifeline eligibility requirements, including tens of thousands of duplicate subscribers, in violation of Lifeline rules and regulations." Id. at 9-10.

### 1. *Sufficiency of Relator's Allegations.*

Credico challenges Relator's First Claim (the presentment clause claim) and Second Claim (the make-or-use clause claim) on the grounds that Relator fails to allege that Defendant itself submitted a false claim to the government or made any specific false claims. However, as posited by the government in its Statement of Interest, "this Court should reject any argument that a defendant is beyond the scope of liability under the FCA merely because it did not submit any claims to the government." See Statement of Interest [D.E. 54 at 17]. As explained by the government in its comprehensive submission, it is "clear from a legal standpoint that FCA liability

'extends beyond the person making a false claim to one who engages in a fraudulent course of conduct that induces payment by the government.'" Id. at 12 (quoting United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 238 F. Supp. 2d 258, 266 (D.D.C. 2002)).

Applying these principles, the undersigned concludes that Credico's broad-based challenge to the First Claim and the Second Claim of the First Amended Complaint fails. Nevertheless, Credico's contention that Relator has failed to comply with the requirements of Rule 9(b) is well taken. The First Amended Complaint is long on general allegations but fails to allege fraud with the level of specificity required by Rule 9(b). Etkin & Co., 2013 WL 12092536, at *4 ("The complaint must sufficiently recite 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'"). Therefore, the First Claim and Second Claim are subject to dismissal with leave to replead.

With regard to the Third Claim, Credico based its challenge on 31 U.S.C. § 3729(a)(1)(D) even though the claim is captioned as relying on 31 U.S.C. § 3729(a)(1)(G)). Compare Motion to Dismiss [D.E. 47 at 15-16] with First Am. Compl. [D.E. 23 at 18-19]. Although Credico's arguments as to the Third Claim appear inapposite, Relator must still replead this claim with the specificity required by Rule 9(b).

### 2. The Prior Disclosure Bar.

The public disclosure bar to FCA claims applies when "the allegations made by the plaintiff [have] been publicly disclosed;" and those allegations are "substantially the same" as what is "contained in public disclosure", unless the plaintiff is "an 'original source' of that information." United States ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 812 (11th Cir. 2015) (citing Cooper v. Blue Cross Blue Shield of Fla. Inc., 19 F.3d 562, 565 n.4 (11th Cir. 1994)).

Credico has submitted a number of FCC documents and news articles relating to fraud in the federal Lifeline program. See Exs. 3-10 to Esposito Declaration. Relator counters that those public disclosures "discuss the issue of ETCs receiving reimbursement for false Lifeline claims" but "do not discuss intermediary organizations such as Credico whatsoever." See Response to Motion to Dismiss [D.E. 52 at 6]. Relator further argues that she is an original source because "she is bringing to light the role played by the intermediary organizations in participating and assisting in the fraud perpetrated by the ETC's." Id. at 7. Given the undersigned's recommendation that Relator be allowed to replead her FCA claims, she may also attempt to substantiate these contentions in her amended pleading.

## ORDER

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Defendant's Request for Judicial Notice is GRANTED.

## RECOMMENDATION

Further, the undersigned RESPECTFULLY RECOMMENDS as follows:

1. That Defendant's Motion to Dismiss be GRANTED WITH PREJUDICE for lack of standing as to the common law claims asserted as the Fourth Claim and the Fifth Claim in the First Amended Complaint.

2. That Defendant's Motion to Dismiss be GRANTED WITHOUT PREJUDICE as to the FCA claims asserted as the First Claim, the Second Claim and the Third Claim in the First Amended Complaint, with leave to replead.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Aileen

M. Cannon. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

    RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 3rd day of November, 2021.

                                                  ALICIA M. OTAZO-REYES
                                                UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Aileen M. Cannon
        Counsel of Record