UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23904-CIV-CANNON/OTAZO-REYES

UNITED STATES OF AMERICA *ex rel.*:
NALISA SIMONA SAATI,

    Plaintiffs,

v.

CREDICO (USA), LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Credico (USA) LLC's ("Credico" or "Defendant") Motion to Dismiss Second Amended Complaint, with prejudice (hereafter, "Motion to Dismiss") [D.E. 75].[1]  This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 by the Honorable Aileen M. Cannon, United States District Judge [D.E. 78].  The undersigned held a hearing on this matter on January 27, 2022 (hereafter, "Hearing") [D.E. 81].  For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion to Dismiss be GRANTED WITH PREJUDICE.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Nalisa Simona Saati ("Relator") brings this action against Credico on behalf of the United States of America pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. See Second Am. Compl. [D.E. 74].  The FCA permits relators to file suit on behalf of the United States and receive a share of any recovery.  See 31 U.S.C. § 3730(b)-(d).  The government has declined to intervene in the action but has asked that it continue to be served with all pleadings.

---

[1] The First Amended Complaint was dismissed without prejudice [D.E. 71].

See Government's Notice of Election to Decline Intervention [D.E. 13]. The government participated in the Hearing [D.E. 81].

Relator's claims are based on the Lifeline federal program, which "offers subsidies to companies that provide discounted landline and mobile phone services to eligible low-income consumers." See Second Am. Compl. [D.E. 74 ¶ 4]. Relator alleges that "Credico, through its various affiliated consumer marketing companies, and on behalf [of] several national Eligible Telecommunications Carriers ('ETCs'), enrolled tens of thousands of ineligible consumers in the Lifeline program in numerous states." Id. ¶ 6. Relator further alleges that "Credico and its partners submitted or caused to be submitted grossly inflated claims for reimbursement and received millions of dollars in federal payments to which they were not entitled." Id. ¶ 7. Relator asserts three claims for violations of the FCA:

>    First Claim:   Presenting False Claims for Payment (31 U.S.C. § 3729(a)(1)(A))
>
>    Second Claim: Use of False Statements (31 U.S.C. § 3729(a)(1)(B))
>
>    Third Claim:   Failure to Repay Government Funds (31 U.S.C. § 3729(a)(1)(G)).

Id. at 18-20.

With regard to Relator's First Claim (hereafter, the "Presentment Claim"), the FCA imposes liability on a person, who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval". See 31 U.S.C. § 3729(a)(1)(A). With regard to Relator's Second Claim (hereafter, the "Make-or-Use Claim"), the FCA imposes liability on a person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim". See 31 U.S.C. § 3729(a)(1)(B). With regard to Relator's Third Claim (hereafter, the "Reverse False Claim"), the FCA imposes liability on a person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or

knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government". See 31 U.S.C. § 3729(a)(1)(G). Any such person is liable "to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000 . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." 31 U.S.C. § 3729(a)(1).

> Credico argues that Relator's
>
> Second Amended Complaint should be dismissed with prejudice for failure to plead plausible FCA claims under Federal Rule of Civil Procedure 8(a), much less plead them with the particularity required by [Federal Rule of Civil Procedure] 9(b). Despite being given a second chance to plead her case, [Relator] has failed to allege sufficient facts to survive a motion to dismiss.

See Motion to Dismiss [D.E. 75 at 14].

## **STANDARD OF REVIEW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In ruling on a [Rule] 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)). "The Court does not view each fact in isolation . . . but considers the complaint in its entirety." Leader Glob. Sols., LLC v. Tradeco Infraestructura, S.A. DE C.V., 155 F. Supp. 3d 1310, 1315 (S.D. Fla. 2016) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Michel v. NYP Holdings, Inc., 816 F.3d 686, 694 (11th Cir. 2016) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). While detailed factual allegations are not necessary, "[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 545 (citations and internal quotation marks omitted). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim for relief. Iqbal, 556 U.S. at 678.

It is well established in the Eleventh Circuit that the requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") apply to FCA claims because the FCA is a fraud statute. United States ex rel. Clausen v. Lab Corp. of Am., 290 F.3d 1301, 1309-10 (11th Cir. 2002). Further, in FCA actions, the pleading standards of Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") are "supplemented but not supplanted by" Rule 9(b). Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1051 (11th Cir. 2015) (citing Clausen, 290 F.3d at 1309).

Under Rule 8(a), a "pleading that states a claim for relief must contain", in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a). In turn, Rule 9(b) provides that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The particularity requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (internal quotation marks omitted) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)).

>A complaint satisfies Rule 9(b) when it sets forth:
>
>(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Kammona v. Onteco Corp., 587 F. App'x 575, 581 (11th Cir. 2014) (quoting Ziemba, 256 F.3d at 1202). "The complaint must sufficiently recite 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" Etkin & Co. v. SBD, LLC, No. 11-CV-21321, 2013 WL 12092536, at *4 (S.D. Fla. 2013) (quoting U.S. ex rel. Matheny v. Medco Health Sols., Inc., 671 F.3d 1217, 1222 (11th Cir. 2012)). Failure to comply with Rule 9(b)'s heightened pleading standard is grounds for dismissal. Thoroughbred Yacht, Inc. v. McConaghy Boats Ltd., No. 18-CV-60355, 2018 WL 5098964, at *7 (S.D. Fla. 2018) (citing In re Galectin Therapeutics, Inc. Sec. Litig., 843 F.3d 1257, 1269 (11th Cir. 2016)).

## DISCUSSION

At the Hearing, Relator pointed to the additional allegations set forth in the Second Amended Complaint, which she claims are sufficient to satisfy the specificity requirements of Rule 9(b). Relator highlighted portions of the Second Amended Complaint that describe Credico's alleged use of "master agents," who, in turn, hired "field agents" such as Relator "to engage in face-to-face marketing at public events and spaces." See Second Am. Compl. [D.E. 74 ¶ 36]. According to Relator, "[t]he field agents were responsible for collecting the consumer's information and performing individual enrollments. Credico paid the master agents based in part on the number of subscribers successfully enrolled, and the master agents in turn paid commissions to their field agents." Id. ¶ 37. Relator provides the names of three master agents (alleging that her name badge stated that she worked for one of them) and the initials of five field agents with

whom she allegedly worked "on a daily basis". Id. ¶¶ 38, 39. Relator further alleges that the master agents would provide the field agents with electronic tablets furnished by Credico for the purposes of accessing the National Lifeline Accountability Database ("NLAD"). Id. ¶ 40. According to Relator, in accessing the NLAD, the field agents engaged in various forms of fraudulent conduct to generate Lifeline enrollments on behalf of Credico and the ETCs. Id. ¶¶ 48-62.

In her Response to the Motion to Dismiss ("Response"), Relator argues that "the Second Amended Complaint contains sufficient allegations, with sufficient particularity, to plead that a false claim was submitted to the government via the fraudulent actions of Defendant." See Response [D.E. 76 at 3]. However, while alleging that an ETC's monthly request for reimbursement for Lifeline services for a particular area code is made on FCC Form 497, see Second Am. Compl. [D.E. 74 ¶ 30], Relator has not referenced or provided copies of any FCC Forms 497 that were submitted by an ETC. Thus, notwithstanding her Response, Relator has failed to connect the field and master agents' allegedly fraudulent conduct that she imputes to Credico with an actual claim for government payment or approval. As a result, Relator's Presentment Claim is subject to dismissal for failure to allege fraud with the specificity required by Rule 9(b). See Kammona, 587 F. App'x at 581 (to satisfy Rule 9(b), a complaint must allege: what fraudulent statements were made and in what documents; when and where they were made; who made them; their misleading content; and what defendants obtained from the fraud).

Relator essentially acknowledged this fatal flaw in her Presentment Claim when she argued at the Hearing that her Make-or-Use Claim is the strongest one. However, this claim is equally flawed. As noted above, Relator alleges a fraudulent scheme on the part of Credico and its agents; and she argues in her Response that "Credico's actions, via its many agents down the pyramid, caused the submission of false claims by ETC to occur". See Response [D.E. 76 at 4].

However, Relator fails to identify any specific "false records or statements material to a false or fraudulent claim," 31 U.S.C. § 3729(a)(1)(B), that were provided by Credico to an ETC for submission of to the government. Relator merely alleges that the purportedly fraudulent field agent / master agent / Credico scheme existed "with the knowledge and involvement of ETCs such as Assurance Wireless, Xfinity, and AT&T". See Second Am. Compl. [D.E. 74 ¶ 45]. This vague allegation does not pass Rule 9(b) muster and renders Relator's Make-or-Use Claim similarly subject to dismissal for failure to allege fraud with the required particularity. Kammona, 587 F. App'x at 581.

For her Reverse False Claim, Relator must allege "(1) a false record or statement; (2) the defendant's knowledge of the falsity; (3) that the defendant made, used, or causes to be made or used a false statement or record; (4) for the purpose to conceal, avoid, or decrease an obligation to pay money to the government; and (5) the materiality of the misrepresentation." United States ex rel. Matheny v. Medco Health Sols., Inc., 671 F3d. 1217, 1222 (11th Cir. 2012). As discussed above, Relator has failed to allege with the requisite specificity that Credico caused any ETC to make or use a false statement or record. Relator has also failed to allege a purpose, on the part of any ETC, to conceal, avoid, or decrease an obligation to pay money to the government. Thus, Relator has failed to allege the third and fourth elements of a Reverse False Claim. In her Response, Relator argues that Credico itself had a "duty to repay the government for funds" it allegedly received from the ETCs. See Response [D.E. 76 at 6]. However, Relator does not explain how such a duty would arise under 31 U.S.C. § 3729(a)(1)(G), given that Credico did not submit any claims for payment to the government. Thus, Relator's Reverse False Claim also fails.

Finally, the undersigned notes that courts are not required "to grant counseled plaintiffs more than one opportunity to amend a deficient complaint" and "dismissal with prejudice is [not] inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been

7

offered ample opportunity to do so." Eiber Radiology, Inc. v. Toshiba Am. Med. Sys, Inc., 673 F. App'x 925, 930 (11th Cir. 2016). Therefore, the undersigned respectfully recommends that Credico's Motion to Dismiss be granted with prejudice.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Dismiss [D.E. 75] be GRANTED WITH PREJUDICE.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Aileen M. Cannon. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED at Miami, Florida, this 7th day of March, 2022.

                                                ALICIA M. OTAZO-REYES
                                                UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Aileen M. Cannon
      Counsel of Record